

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-78,106-01

## EX PARTE DOUGLAS TYRONE ARMSTRONG, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## FROM HIDALGO COUNTY

**NEWELL, J., filed a dissenting opinion in which HERVEY, J., joined.**

The central dispute in this case is over what an applicant must prove to succeed on an ineffective assistance claim based upon the failure to investigate possible expert testimony on the mitigation special issue in a death penalty case. Applicant has presented evidence from two expert witnesses from outside of Texas that, according to the Court, provide new mental health testimony that was not presented at trial. And, according to the Court, this new testimony creates a reasonable probability of a different outcome had it been presented at trial. The trial court found the testimony credible, but it also found that Applicant failed to establish that

any experts were available to testify because the trial court would not have granted funds to pay for these experts over qualified local experts. According to the Court, we can infer from this finding that *some* well-qualified expert, local or otherwise, would have been available. Without at least a finding of scientific reliability from the trial court regarding the expert testimony, I am unwilling to make that leap. Before granting Applicant a new trial, I would remand this case a second time so that the trial court can clarify whether it believes the expert testimony at issue would have been reliable.

Currently, the witness-availability rule appears to be an article of faith in our ineffective assistance jurisprudence.[1] *Strickland v. Washington* makes no mention of a requirement that a defendant must show that a witness was available to testify if he is to prevail upon a claim of ineffective assistance based upon the failure to call a witness.[2] The earliest example I found in our jurisprudence setting out this requirement appears in *Hunnicutt v. State*. There, we simply dismissed the defendant's ineffective assistance claim by stating, "Likewise,

---

[1] *See, e.g., King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) ("Counsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony.")*.*

[2] 466 U.S. 668 (1984).

appellant's complaint that his counsel failed to call witnesses at the guilt stage of the trial or character witnesses later is unwarranted in absence of showing that such witnesses were available and appellant would benefit from the presentation of such evidence."[3]  For this holding we relied upon *Coble v. State*, an equally circumspect opinion on the issue. But notably, the holding in *Coble* made no mention of the witness-availability requirement; we simply stated, "Complaint of counsel's action in not presenting evidence in behalf of appellant is unwarranted in the absence of a showing that appellant would have benefitted from the presentation of such evidence."[4]  Somewhere between *Coble* and *Hunnicutt*, we seem to have added the witness-availability requirement without explaining why.  So while I am willing to continue to apply this rule, I am reluctant to adhere to it too rigidly.

If I were to hazard a guess as to why such a showing should be necessary, it would be that the prejudice prong of the *Strickland* test requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be

---

[3] *Hunnicutt v. State*, 531 S.W.2d 618, 625 (Tex. Crim. App. 1976).  *Hunnicutt* dealt with claim of ineffective assistance lodged against a retained attorney under a standard that we ultimately rejected.  *See Hurley v. State*, 606 S.W.2d 887, 890 (Tex. Crim. App. 1980).

[4] *Coble v. State*, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973).

different.[5]  I can see how the witness-availability rule might make sense under this rationale with regard to fact witnesses.  A witness who will testify about discrete facts has unique knowledge about the case that cannot be exactly replicated by a different witness.  In such cases, the availability of a unique witness is crucial to proving whether the result of a proceeding would be different.

But expert witnesses are not like fact witnesses because they are, at least arguably, interchangeable.   For expert testimony to be admissible, it must be based upon a reliable scientific foundation, and relevant to the issues in the case.[6]  When the expert testimony involves a "soft science," such as in this case, there must be a showing that the field of expertise is a legitimate one, the subject matter of the expert testimony is within the scope of that field, and the expert's testimony properly relies upon or utilizes the principles involved in that field.[7]  The overall focus is to determine whether the evidence has its basis in sound scientific methodology such that testimony about "junk science" is

---

[5] *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (citing *Strickland*, 466 U.S. at 694).

[6] *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011).

[7] *Nenno v. Sate*, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998).

weeded out.[8]  In contrast to the unique fact witness, the more unique the expert witness, the more concern there is about the reliability of his or her testimony.  It is the substance of the testimony we focus upon, not the identity of the expert giving that testimony.

This is why I regard the trial court's findings on the availability of the expert witnesses in this case insufficient.  On the one hand, the trial court determined the experts to be credible.  And the experts testified that they were available to testify.  But the trial court also stated that "there is no reason why Applicant's trial attorneys would have found the out-of-state expert witnesses whom habeas counsel later retained and it is unlikely that this court would have granted requests for funds to pay said individuals, as opposed to qualified local experts."[9]  At first blush, the

---

[8] *Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996).

[9] The prejudice prong of *Strickland* presumes that a judge acts according to law. *Strickland*, 466 U.S. at 694-95 ("A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed.  The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision.").  In this regard, the trial court's determination that Applicant failed to establish prejudice simply because the trial court would not have authorized funding for the experts seems to apply too strict a standard.  The appropriate question would be whether the trial court would have been required to appoint the specific experts as a matter of due process. *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985) ("We recognized long ago that mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and that a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense.").  Whether Applicant was entitled to the appointment of these experts or similar experts in the first place is an additional reason for remanding the case.

trial court appears to be determining that the out-of-state experts' testimony was reliable because it was interchangeable with that of qualified local experts. But in the context of a recommendation to deny relief, it is also possible that the trial court wanted proof that qualified local experts would have reached the same conclusion because it believed the out-of-state experts' testimony was not sufficiently reliable.[10]

Consequently, I would remand the case again for the trial court to make findings regarding whether the expert testimony in this case was reliable under *Nenno*.[11] If the trial court determines that the testimony is reliable, then it is fair to make the inference that a local expert would have been available to provide the same or similar testimony. Because the Court does not, I respectfully dissent.

Filed: November 15, 2017

Do Not Publish

---

[10] Notably, in one of the findings, the trial court refers to the out-of-state experts as "hired guns" suggesting that he did not regard their conclusions as sufficiently reliable.

[11] The trial court sets out in great detail in its findings the substance of the expert testimony presented. It prefaces each finding with a statement that this testimony was "credible." I acknowledge we could simply perform the reliability analysis ourselves. However, we only asked the trial court to consider the issues of credibility and availability, not reliability, which I believe is the key inquiry regarding the failure to investigate and present expert testimony. So in this instance, I would let the trial court have an opportunity to conduct that inquiry first rather than reject the trial court's recommendation based upon a determination that the trial court never had a chance to make.